## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

                                                          **Case No. 4:89cr4011-WS**

**vs.**

**TERRY EDWARD MIDDLETON,**

        **Defendant.**

_____/


### REPORT AND RECOMMENDATION ON MOTION FOR MODIFICATION

        This cause is before the court on Defendant's motion for modification of sentence

pursuant to 18 U.S.C. § 3582(c)(2).  Doc. 156.  Defendant seeks retroactive application

of Amendment 591, based on the court's use of the 1990 rather than 1988[1] version of

the United States Sentencing Guidelines.

        In support, Defendant contends that the 1990 version of U.S.S.G. § 5G1.3 made

discretionary the determination of whether state and federal sentences are concurrent,

whereas concurrent sentences were mandatory if they arose from the same transaction

_____

        [1] Defendant erroneously refers to 1998 rather than 1988 (though he also refers to
the 1988 Manual).  Doc. 156, p. 1.  His motion to amend this typographical error, doc.
157, is granted by separate order.

or occurrence under the 1988 version.  Doc. 156, pp. 1-2.[2]  Application of the later

version, it is argued, violated § 1B1.11(b)(1) and the Ex Post Facto Clause of the

Constitution.  *Id.*, pp. 1-3.  Under § 1B1.11(b)(1) the court applies the guidelines in

effect on the date of sentencing, but if that would violate the Ex Post Facto Clause then

the court shall use the guidelines in effect on the date of the offense.  Section 1B1.11

was created effective November 1, 1992, and amended effective November 1, 1993, by

Amendments 442 and 474.  Neither of those amendments applies retroactively under §

1B1.10(c).  They are therefore precluded from retroactive application under § 3582(c)(2)

as inconsistent with applicable policy statements.  United States v. Pelaez, 196 F.3d

1203, 1205, n. 3 (11th Cir.1999).[3]

Amendment 591, while retroactive under § 1B1.10(c), did not amend § 5G1.3.

Defendant acknowledges this possible argument, but claims that § 1B1.1 and § 1B1.2,

amended pursuant to Amendment 591, reference Chapter Five.  *Id.*, p. 3.  This is a

stretch.  None of the amendments to § 5G1.3[4] is listed as applying retroactively under §

1B1.10(c).

---

[2] Defendant also asserts that "[u]se of the 1990 Version of § 2K2.1 would violate
the ex post facto clause of the U.S. Constitution, See 1B1.11(b)(1)."  Doc. 156, p. 1.
There is no other reference to § 2K2.1, and no argument as to why application of the
1990 version of it was improper.

[3] As a constitutional claim the ex post facto claim could have been raised
previously, at sentencing, on appeal, or by 28 U.S.C. § 2255 motion.  *See* doc. 124
(report and recommendation discussing history of this case, noting the documents had
not been scanned and the paper file remained in archives).  But it cannot be raised *by §
3582 motion* because the applicable guidelines amendments are not listed in §
1B1.10(c).

[4] Amendment 289, effective November 1, 1989, is the only amendment between
1988 and 1990.  Other amendments (Amendments 385, 465, 494, 535, 645, and 660)
also affected § 5G1.3.

Moreover, Defendant has already raised the argument that the 1988 rather than the 1990 version of § 5G1.3 should have been applied at sentencing.  Doc. 151 (motion for designation of nunc pro tunc designation).  The Government responded that there was no apparent basis for jurisdiction, and that if construed as a 28 U.S.C. § 2255 motion it was untimely.  Doc. 152, p. 3.  Moreover, it was argued that the claim failed on the merits.  *Id.*  "Contrary to defendant's contention, the crimes for which the state sought fit to imprison him can in no way be said to have arisen out of the same transactions or occurrences as those giving rise to the federal charge in the instant case."  *Id.*, p. 4.  The court denied relief, concluding that it lacked jurisdiction, but also said that "[e]ven if jurisdiction existed, the court would deny the motion on the merits."  Doc. 153. *See also* doc. 155 (denying motion for reconsideration).  Defendant did not appeal.  Defendant is not entitled to relief under § 3582(c)(2) or on the merits.

It is therefore respectfully **RECOMMENDED** that Defendant's motion for modification of sentence, doc. 156, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 14, 2007.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:89cr4011-WS