IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:    4:89cr4011/WS
                                                     4:93cv40454/WS/CAS

TERRY EDWARD MIDDLETON

---

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Reopen and Amend Original § 2255 Motion (doc. 178), through which he seeks to re-open his motion to vacate to re-argue his claim that he is actually innocent of the enhancement under 18 U.S.C. 924(e), the Armed Career Criminal Act ("ACCA"). The Government has responded in opposition (doc. 190) and Defendant has filed a reply (doc. 191).  Pursuant to court order, the Government filed a supplemental response (doc. 202) and Defendant filed a supplemental reply (doc. 203). Defendant has also filed supplemental authority and a sur-reply (docs.  204, 206, 208), and a motion for leave to file supplemental authority (doc. 211).

### BACKGROUND

Defendant was convicted in this court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and on October 16, 1991, he was sentenced to a term of 180 months imprisonment (doc. 1, docket entries 69, 81).[1]  Defendant's sentence was enhanced under the ACCA  based on four predicate convictions: (1) breaking and entering with intent to commit

---

[1] Because of the age of this case, the hard docket was scanned in 2004 and entered as document number one. It encompasses the proceedings in this case from February 2, 1989, through May 7, 1997 (doc. 1).  Defendant remains incarcerated due to time he was required to serve for state court convictions also related to the offense conduct in this case prior to serving sentence in this case (*see*, *e.g.*, docs. 151–153).

a felony; (2) attempted murder; (3) armed robbery; and (4) battery on a law enforcement officer (doc. 178 at 6).

Defendant's conviction was affirmed on appeal in 1993.  He filed a motion to vacate pursuant to 28 U.S.C. § 2255 in which he contended: his due process rights had been violated by the trial court not allowing him to present an insanity defense at trial; trial counsel was ineffective for his failure to timely present the insanity defense or to present evidence of voluntary intoxication;  appellate counsel was ineffective for filing a frivolous appeal that omitted important issues; and his conviction resulted from an illegal search and seizure (doc. 100).  The motion was denied on March 7, 1994 (*see* docs. 108, 110),  and the denial of this motion was affirmed on appeal in 1997 (doc. 120).

Seven years later, in November 2004, Defendant filed a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b), in which he argued that he was "actually innocent" of the 924(e) enhancement that he claimed was a result of "fraud upon the court" (doc. 122).  The alleged fraud took the form of representations by the United States Attorney and the U.S. Probation Officer that Defendant was properly subject to the 924(e) enhancement  (*id*.). The court construed Defendant's motion as a successive § 2255 motion "cross-dressed" as a Rule 60(b) motion, and it was summarily dismissed in January of 2005 (docs. 124, 126). Defendant's request for a certificate of appealability was denied (docs. 131, 137, 138).

In December 2005, the Eleventh Circuit denied Defendant's request for leave to file a second or successive § 2255 motion based on <u>United States v. Richardson</u>, 166 F.3d 1360, 1361 (11th Cir. 1999) (doc. 142).   The court held that "new" circuit case law is not new evidence within the meaning of the statute (*id*. at 2).

In January 2006, Defendant moved to reopen the court's judgment denying his Rule 60(b) motion (doc. 143).  The motion, which was filed just shy of one year after the judgment, was summarily denied (docs. 144, 147).

Defendant then filed a motion for a recommendation of nunc pro tunc designation (doc. 151).  This motion was denied after response from the Government, as was Defendant's motion for reconsideration of the denial (docs. 152–155).  Even before he received the denial of his motion for reconsideration, Defendant filed a motion for modification of sentence pursuant to 18

U.S.C. § 3582(c)(2) in which he sought the same relief (docs. 156, 157). This motion was also summarily denied over Defendant's objection (docs. 159, 161, 162). Defendant's appeal was dismissed for want of prosecution in April 2008 (doc. 174).

Defendant filed nothing further until July 2010, when he filed the motion to reopen that is currently pending before the court (doc. 178).

<u>DEFENDANT'S MOTION TO AMEND AND RE-OPEN</u>

Defendant's motion is based on the Supreme Court's then recent ruling in <u>Johnson v. United States</u>, 559 U.S. 133 (2010). Defendant maintains that he is actually innocent of the § 924(e) ACCA enhancement and that he is entitled to re-sentencing based on the holding in <u>Johnson</u> that a battery conviction under Florida law is not a "violent felony" for purposes of the ACCA.

In its first response to Defendant's motion to amend or reopen, the Government opposed the motion both procedurally and on the merits. It argued that Defendant had failed to show that the motion "related back" to his original motion, and also because he had failed to show that his prior conviction for battery on a law enforcement officer was not a proper predicate under § 924(e) (doc. 190). In its supplemental response (doc. 202), filed in July 2012, the Government maintains this position and also notes that one of the cases upon which Defendant relied for his assertion that the instant challenge is alternatively cognizable through 28 U.S.C. § 2241, <u>Gilbert v. United States</u>, 609 F.3d 1159 (11th Cir. 2010), had been vacated.

As an initial matter, the undersigned notes that in August 2010, shortly after filing the instant motion and before the Government had responded, Defendant filed an application for leave to file a second or successive motion to vacate, set aside, or correct sentence with the Eleventh Circuit (doc. 202-1 at 1). Defendant sought leave to file the following three claims in the second or successive motion: (1) his battery on a law enforcement officer conviction was not a crime of violence after <u>Johnson</u>; (2) his armed robbery conviction was not a prior ACCA predicate as he was not convicted of this offense until after he was charged with the crime in this case; and (3) a third felony which was counted as an ACCA predicate offense–breaking and entering with intent to commit a felony–should not have been considered as the conviction was vacated in favor of the lesser offense of breaking and entering with intent to commit a

misdemeanor (doc. 202-1 at 3). The Eleventh Circuit denied Defendant's application, noting that <u>Johnson</u> did not set forth a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court (*id*. at 3–4). It also noted that the proposed second and third claims did not rely on new evidence or new rules of law and hence did not meet the statutory criteria (*id*. at 4). Thus, because his request was denied, Defendant was foreclosed from bringing his <u>Johnson</u> claim as a separate, second or successive § 2255 motion.

The court first considers Defendant's request to amend, which would of necessity require reopening the § 2255 proceedings. Pursuant to general principles of habeas law, an application for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Similarly, Rule 12 of the Rules Governing § 2255 Proceedings provides that the Federal Rules of Civil Procedure apply, when appropriate, to motions challenging sentences.

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings in civil cases.[2] Rule 15(a) states that a party may "amend the party's pleading once as a matter of course at any time before a responsive pleading is served." In this instance, the Government's response to Defendant's § 2255 motion has long been filed (doc. 1, docket entry 102). Rule 15(a) goes on to provide that "[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Defendant's § 2255 motion was resolved at the district court level over fifteen years before his request to amend his motion, and his appeal was decided approximately two years later. The undersigned is of the opinion that a request to amend and reopen a § 2255 after so many years have elapsed is not a situation "when justice so requires." This is particularly so when the attempt to re-open is a thinly veiled attempt to circumvent the limitation on second or successive motions.

---

[2]  Rule 15 applies to amendments in both § 2254 and § 2255 cases. *See, e.g.,* <u>United States v. Craycraft</u>, 167 F.3d 451, 457 (8th Cir. 1999); <u>Rogers v. United States</u>, 180 F.3d 349, 352 n. 3 (1st Cir.1999); <u>United States v. Duffus</u>, 174 F.3d 333, 336 (3d Cir. 1999).

Defendant also argues that the instant motion is cognizable as a motion pursuant to 28 U.S.C. § 2241.  He relies on Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), to support his assertion that the instant challenge is alternatively cognizable through § 2241 and asks the court to construe it as such.  After Defendant filed his motion, the Eleventh Circuit vacated the Gilbert decision, and on rehearing, the Eleventh Circuit held that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."  Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011).  The Gilbert decision thus retreated from the three-factor test enumerated in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), explaining that the widely cited Wofford test, which set forth the circumstances in which the savings clause of § 2255 was applicable, had been merely dicta.  Gilbert, 640 F.3d at 1319.  The true Wofford holding was that the savings clause does not cover sentencing claims that could have been raised in earlier proceedings.  Id.  The court in Gilbert explicitly left open, however, the question of whether the savings clause would permit a prisoner to avail himself of § 2241 if he claimed an error in the application of the violent felony enhancement as defined in the ACCA which "result[ed] in a higher statutory minimum and maximum sentence under § 924(e)" that is a statutory minimum greater than what he would have received absent the application of ACCA.  Id. at 1319 n. 20; Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1334 (11th Cir. 2013).

In reviewing the Gilbert decision two years later, the Eleventh Circuit again declined to reach the issue of the propriety of using § 2241 for sentencing challenges such as that raised herein.  Turner, 709 F.3d at 1335.   Instead, it concluded that, even assuming that a defendant's showing of error under Begay v. United States, 553 U.S. 137 (2008) would permit him to proceed under § 2241, the defendant in that case could not show error.  Turner, 709 F.3d at 1335.  The court ruled that the Turner petitioner's three predicate offenses, one of which was battery on a law enforcement officer, were violent felonies and the ACCA enhancement was proper.  Id. The same is true in this case.

The impetus for the instant motion is Defendant's belief that the Supreme Court's decision in Johnson v. United States, 559 U.S. 133 (2010), affords him relief.  Defendant is

correct that the <u>Johnson</u> Court held that Johnson's battery conviction under § 784.03, Florida Statutes, did not constitute a violent felony under § 924(e).  Defendant's case is distinguishable from <u>Johnson,</u> however. Unlike the petitioner in <u>Johnson</u>, Defendant in this case was not convicted of simple battery.  Defendant was charged in a two-count information in Bradford County, Florida, which alleged that on February 6, 1980 (1) Defendant committed a battery upon correctional officer P.L. Lyons by actually and intentionally touching or striking Lyons against his will while Lyons was engaged in the lawful performance of his legal duty in violation of § 784.07(2)( b); and (2) that Defendant resisted and obstructed P.L. Lyons "by biting him with his teeth on the left upper arm area" in violation of § 843.01 Florida Statutes (doc. 190-1 at 1). Defendant entered a plea of nolo contendere to count one (doc. 90-1 at 4), battery on a law enforcement officer.[3]  Because Defendant was convicted of battery on a law enforcement officer, his crime qualifies as a crime of violence under the residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). *See* <u>Turner</u>, 709 F.3d at 1340 (citing <u>Rozier v. United States</u>, 701 F.3d 681, 682 (11th Cir. 2012)); *see also* <u>Kilgore  v. United States</u>, No. 12-13689, 2013 WL 3154947, at 2 (11th Cir. June 21, 2013) ("We conclude that <u>Turner</u>'s alternate holding-that Florida's offense of battery on a law enforcement officer is a crime of violence under the residual clause-controls this case."); <u>United States v. Dancy</u>, 640 F.3d 455, 469–790 (1st Cir. 2011); <u>United States v. Williams</u>, 559 F.3d 1143 (10th Cir. 2009).[4]  Therefore, because the <u>Johnson</u> decision does not alter the fact that the battery on a law enforcement officer conviction was a valid predicate offense, even if Defendant were able to bring his claim under § 2241, he would not be entitled to relief, and therefore the court declines to reconstrue his motion as such.[5]  *See* <u>Turner</u>, 709 F.3d at 1334.

---

[3]  Count two was apparently nol prossed.

[4]  Defense counsel argued at sentencing that "just because the name of the offense is titled 'battery on a law enforcement [sic],' that doesn't quality that offense as a predicate violent felony" (doc. 90 at 38–39).  The court rejected counsel's argument and held that Defendant had four offenses that supported an enhancement (*id*. at 42).

[5]  The court also declines to address Defendant's argument about the propriety of using his armed robbery conviction as a predicate offense.  This argument, based on a case that was decided in 1999, has been raised before this court previously (*see* docs. 124, 126).  Also, to the extent he attempts to engage in "shotgun pleading" by suggesting a number of other means to challenge the ACCA enhancement (i.e. the All Writs Act or a writ of audita querela), the court likewise finds no basis for relief.

Finally, Defendant seeks to rely on <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), which held that sentencing courts may not apply the modified categorical approach when the crime of conviction has a single, indivisible set of elements.  133 S.Ct. at 2283; *see* doc. 211 (Defendant's motion for leave to file supplemental authority).  <u>Descamps</u>, however, does not apply to Defendant's case, as battery on a law enforcement officer is not such a crime.[6]  For all of the foregoing reasons, Defendant's motion to reopen should be denied.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

Although it is not clear that a certificate of appealability is required in this case, to the extent that it is, the court finds after review of the record, that there has been no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

---

[6]  The statute under review in <u>Descamps</u>, was California Penal Code Ann. § 459, which provides that a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary." 133 S.Ct. at 2282.  Under this statute, there is no requirement that the actual entry be unlawful, as is the case in most generic burglary laws.  Rather, a patron who entered a retail establishment intending to shoplift would be guilty of burglary.  The Supreme Court reversed the district court's reliance on a conviction under this California law to support an ACCA enhancement, even though the lower court had looked to the record of the plea colloquy to determine whether defendant Descamps had admitted to the elements of a generic burglary when entering his plea.  The court found that the statute's indivisible elements swept more broadly than the corresponding generic offense, and that use of the modified categorical approach under such circumstances was improper. *Id*. at 2283.  Rather the modified categorical approach is used in the case of a divisible statue that sets out one or more elements of the offense in the alternative, such as a burglary involving entry into a building *or* an automobile. *Id*. at 2281.

Accordingly, it is **ORDERED**:

Defendant's Motion for leave to file Supplemental Authority (doc. 211) is **GRANTED** to the extent the court has considered the argument raised therein as it pertains to this motion.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  Defendant's Motion to Reopen and Amend Original § 2255 Motion (doc. 178) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, Friday, August 2, 2013.

/s  *Charles A. Stampelos*
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**