IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

v.  4:89cr4011-WS

TERRY EDWARD MIDDLETON,  4:93cr40454-WS

          Defendant.

_____

ORDER DISMISSING DEFENDANT'S MOTION TO
REOPEN AND AMEND ORIGINAL § 2255 MOTION

Before the court is the magistrate judge's report and recommendation (doc. 213) docketed August 2, 2013. The magistrate judge recommends that the defendant's Motion to Reopen and Amend Original 28 U.S.C. § 2255 Motion (doc. 178) be denied. The defendant has filed objections (doc. 214) to the report and recommendation and has submitted (doc. 215) supplemental authority.

In 1991, Middleton was convicted in this court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), an offense carrying a ten-year maximum sentence. Middleton's sentence was enhanced to 180 months based on the Armed Career Criminal Act of 1984 ("ACCA"), which imposes a minimum sentence of fifteen years for a violation of § 922(g)(1) by a person who has three prior convictions for a violent felony or a serious drug offense. This court found that Middleton had four previous violent-felony convictions (breaking and entering, attempted murder, armed

robbery, and battery on a law enforcement officer), thus qualifying Middleton for an ACCA enhancement. On appeal, Middleton did not raise an objection to the ACCA enhancement. He also did not challenge the ACCA enhancement in his first § 2255 motion.

Middleton first raised an objection to the ACCA enhancement in a Rule 60(b) motion filed in this court in November 2004, seven years after his first § 2255 motion was denied. Having construed the Rule 60(b) motion as a successive § 2255 motion, this court summarily denied the motion. Middleton has since petitioned the Eleventh Circuit on two occasions for leave to file a successive § 2255 motion based on new law purportedly affecting his ACCA enhancement. The Eleventh Circuit has twice denied Middleton's petitions, concluding that Middleton did not satisfy the requirements for a successive petition under 28 U.S.C. § 2255(h).

The magistrate judge suggests that Middleton's motion to reopen and amend his original § 2255 motion is nothing more than a "thinly veiled attempt to circumvent the limitation on second or successive motions." This court agrees. Because the Eleventh Circuit has twice found that Middleton has failed to satisfy the requirements for raising, in a successive petition, the very issues that Middleton presents in his motion to reopen and amend, this court lacks jurisdiction to consider Middleton's motion to reopen. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Middleton also invites this court to construe his motion to reopen and amend as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. To be sure, pursuant to the "savings clause" of § 2255(e), a federal prisoner is permitted to seek habeas

relief pursuant to § 2241 if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). For a sentencing claim to be heard by a court pursuant to § 2241, two conditions must be met:

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013).

An inmate who seeks relief under § 2241—whether by way of § 2255's savings clause or otherwise—must file his petition in the district of confinement and not in the district of conviction. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008) (noting that, "[w]hen § 2255 'appears . . . inadequate or ineffective to test the legality of his detention,' § 2255(e), . . . a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241"); United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002) (noting that "[a] § 2241 petition, even when sought by way of the savings clause of § 2255, must be filed in the district of confinement [and] not the district where the case was tried") (internal quotation marks omitted); Lee v. Wetzel, 244 F.3d 370, 374-75 (5th Cir. 2001) (concluding that a § 2241 petition must be heard in the district of confinement even if the petition contests that legality of a sentence under the savings clause). Middleton is *not* confined in the Northern District of Florida but is, instead, confined in Pennsylvania. Consequently, he cannot seek relief under § 2241 in this court. This court declines, moreover, to transfer the case to the district of

confinement because Middleton's claims are not sufficiently meritorious to warrant such a transfer "in the interest of justice." 28 U.S.C. § 1406(a).

Middleton has not shown that his "remedy by [§ 2255] motion [wa]s inadequate or ineffective to test the legality of his detention." Id. § 2255(e). Among other things, Middleton has not established that, when he filed his direct appeal or his first § 2255 motion, binding circuit precedent foreclosed the claims that he now raises. Middleton suggests that a challenge to his conviction for battery on a law enforcement officer was precluded during his direct appeal and his first § 2255 motion by United States v. Hill, 863 F.2d 1575 (11th Cir. 1989). Hill is inapposite, however, because it does not concern Florida's battery-on-a-law-enforcement-officer statute. Middleton has cited no *relevant* circuit precedent, and this court has found none, that rendered his first § 2255 motion an "inadequate or ineffective" test of his claims. See Williams, 713 F.3d at 1347 (noting that "if an issue had not been decided against a petitioner's position by prior precedent at the time of his first § 2255 motion, then that motion would have been an adequate procedure for testing his claim"). Middleton, accordingly, has not shown that he is entitled to invoke the savings clause of § 2255(e). Under the circumstances, transfer to the district of confinement would not serve the interests of justice.

Accordingly, it is ORDERED:

1. To the extent not inconsistent with this order, the magistrate judge's report and recommendation (doc. 213) is ADOPTED and incorporated into this order of the court.

    2. Middleton's Motion to Reopen and Amend Original 28 U.S.C. § 2255 Motion (doc. 178) is dismissed for lack of jurisdiction.

    3. The clerk shall enter judgment stating: "All claims are summarily dismissed."

    4. The clerk shall close Case No. 4:93cv40454-WS.

    5. A certificate of appealability is DENIED.

DONE AND ORDERED this __17th__ day of __October__, 2013.

                                    s/ William Stafford
                                    WILLIAM STAFFORD
                                    SENIOR UNITED STATES DISTRICT JUDGE